JOHN L. BURRIS, SBN 69888
ADANTE' D. POINTER, SBN 236229
7677 Oakport Street, Suite 1120
Oakland, CA 94621
(510) 839-5200; FAX (510) 839-3882

Attorneys for plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY C. NELSON,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF DAVIS; JAMES HYDE, in his capacity as Chief of Police for the CITY OF DAVIS; SERGEANT J. WILSON, individually and in his official capacity as an officer for the CITY OF DAVIS POLICE DEPARTMENT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, CALVIN HANDY, in his capacity as Chief of Police for the University of California, Davis Police Department, LIEUTENANT JOYCE SOUZA, SERGEANT MICHAEL MASON, SERGEANT BRUCE DAVIDSON, SERGEANT BATES, SERGEANT SMITH, OFFICER JAVIER BARRAGAN, OFFICER BRANDON JONES, OFFICER CALVIN CHANG, OFFICER M. GARCIA, individually and in their official capacities as officers for the UNIVERSITRY OF CALIFORNIA, DAVIS POLICE DEPARTMENT, and DOES 1-100, inclusive,<br><br>  Defendants. | No. CV-05-1192<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**CIVIL RIGHTS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   INTRODUCTION

This is a case about the wrongful deployment and indiscriminate use of "less lethal" "pepperballs" in a crowd control situation.  On or about April 17, 2004, members of the University of California, Davis Police Department arbitrarily fired "pepperball" projectiles from a shotgun at unarmed innocent

bystanders and unruly partygoers alike during their attempts to disperse the mass of people gathered for UC Davis' annual Alumni Day celebration.  Timothy C. Nelson, an unarmed, non-threatening University of Davis student and football team member was shot in his left eye with a pepperball as he peacefully sought to comply with the officer's orders to vacate the Sterling University Apartment Complex.  As a consequence of the officers' wanton and reckless conduct, Mr. Nelson, the former Dixon High School three-sport letterman and UC Davis athletic scholarship recipient, suffered temporary blindness and permanent disfigurement of his left eye.  Mr. Nelson lost his athletic career and was forced to forfeit his university scholarship and temporarily withdraw from the University of California, Davis.

## II.   JURISDICTION

This action arises under 42 U.S.C. §1983.  Jurisdiction is based on 28 U.S.C. §1331 and §1343.  The court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.  Plaintiff has filed administrative claims with the City of Davis and the Regents of the University of California in compliance with California Government Code sections 910 et seq., the City and State rejected those claims.

## II.  THE PARTIES

### A.  Plaintiffs

1.   Plaintiff TIMOTHY C. NELSON ("PLAINTIFF") is, and at all times herein mentioned, was a citizen of the United States and a resident of Davis, California.

### B.  Defendants

2.   Defendant CITY OF DAVIS is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.  The City operates under its authority, the Davis Police Department (DPD).

3.   Defendant JAMES HYDE (CHIEF HYDE) is, and at all times herein mentioned was, the Chief of Police for the CITY OF DAVIS POLICE DEPARTMENT.  Defendant HYDE was the policy-maker for Defendant CITY OF DAVIS on the matters alleged herein related to the customs, policies, practices,

of the DPD, including, but not limited to, customs, policies and practices related to policing of crowd disbursement activities; the training, supervision, hiring, discipline, assignment and control of police officers; and the management and supervision of DPD.

4. Defendant the REGENTS OF THE UNIVERSITY OF CALIFORNIA, is, and at all times herein mentioned was, a constitutional corporation duly organized and existing under the laws of the State of California. The REGENTS OF THE UNIVERSITY OF CALIFORNIA operate under their authority the UNIVERSITY OF CALIFORNIA, DAVIS POLICE DEPARTMENT.

5. Defendant CALVIN HANDY (CHIEF HANDY) is, and at all times herein mentioned was, the Chief of Police for the UNIVERSITY OF CALIFORNIA, DAVIS POLICE DEPARTMENT (UCDPD). Defendant CHIEF HANDY was the policy-maker for Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA on the matters alleged herein related to the customs, policies, and practices, of the UCDPD, including, but not limited to, customs, policies and practices related to policing of crowd disbursement activities; the training, supervision, hiring, discipline, assignment and control of police officers; and the management and supervision of UCDPD.

6. Defendants Lt. JOYCE SOUZA and Sgt. MICHAEL MASON, Sgt. BRUCE DAVIDSON, Sgt. (fnu) BATES, Sgt. (fnu) SMITH and DOES 1-100, inclusive, are, and at all times mentioned were, command and/or supervisory employees of UCDPD who participated in the planning, supervision and execution of the police conduct complained of herein.

7. Defendants University of California Davis Police Department Officers JAVIER BARAGAN, BRANDON JONES, CALVIN CHANG and M. GARCIA mentioned are, and at all times mentioned were employees of UCDPD who participated in the execution of the police conduct complained of herein.

8. Defendant Sgt. WILSON is, and at all times mentioned was, an officer of THE CITY OF DAVIS POLICE DEPARTMENT who participated in the planning, supervision and execution of the police conduct complained of herein.

9. All of the above individual defendants are sued in their individual and official capacities.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend

this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and therefore allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. Each of the defendants, including defendants DOES 1 through 100, caused, and is responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing, with deliberate indifference to plaintiff's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

12. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment for the CITY OF DAVIS and/or the REGENTS OF THE UNIVERSITY OF CALIFORNIA.

13. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

14. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

15. For State causes of action related to federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

### III.  STATEMENT OF FACTS

17. On or about April 17, 2004, Plaintiff attended an Alumni Day Celebration at the Sterling University Apartment Complex ("complex") located at 625 Cantrill Drive, Davis, California.

18. At the time of this incident, Plaintiff was a twenty-one (21) year old male, University of California, Davis undergraduate student and football team member.

19. Plaintiff is informed and believes and thereon alleges that during the course of the evening prior to April 17, 2004 and into the early morning of April 17, 2004 the crowd of students and partygoers became increasingly unruly.

20. Plaintiff is informed and believes and thereon alleges University of California, Davis Police officers along with officers from other agencies, including but not limited to, the City of Davis Police Department and the California Highway Patrol arrived at the complex and attempted to disperse the crowd of party-goers and residents by firing projectiles from the UNIVERSITY OF CALIFORNIA, DAVIS' pepperball system.

21. At no time during the course of the incident did the Plaintiff participate in the disturbance occurring within the complex and/or its periphery.

22. Plaintiff was not a resident of the Sterling Apartment Complex and as such, attempted to comply with Defendants' dispersal order by peacefully exiting the building. Plaintiff did not pose a threat to Defendants' or the public's safety. Moreover, Plaintiff did not resist or protest Defendants' dispersal orders.

23. In fact, as Plaintiff was attempting to peacefully exit the building, he found himself directly in front of members of the City of Davis and University of California, Davis Police Departments (Does 1-100 and/or each of them, individually and/or while acting in concert with one another), some of whom already had firearms drawn. Claimant immediately raised his hands into the air in an effort to

show DOES 1-100 he did not pose a threat or danger to their safety.  Fearing members of the City of Davis and University of California, Police Departments (Does 1-100 and/or each of them, individually and/or while acting in concert with one another) were going to shoot their guns at him, Plaintiff tried to seek protective cover behind a nearby wall.

24.     Nevertheless, before Plaintiff could get out of the officers' line of fire, members of the UNIVERSITY OF CALIFORNIA, DAVIS POLICE DEPARTMENT (Does 1-100 and/or each of them, individually and/or while acting in concert with one another) arbitrarily fired upon Plaintiff, without warning or justification, violently striking Plaintiff in his left eye, immediately causing Plaintiff extreme pain, discomfort and disfigurement.

25.     Thereafter, Defendants failed to ascertain whether Plaintiff had in fact been hit or whether he needed medical attention.  Instead, Defendants left Plaintiff laying in a set of nearby bushes in excruciating pain without the aid of medical care.

## IV.  REQUISITES FOR RELIEF

26.     Plaintiff is informed and believes that the violations of his constitutional and lawful rights complained of herein were caused by customs, policies, directives, practices, acts and omissions of authorized policy makers of the defendants CITY OF DAVIS AND REGENTS OF THE UNIVERSITY OF CALIFORNIA including defendants CHIEFS HYDE and HANDY and other supervisory officials of the DPD and the UCDPD, which encouraged, authorized, directed, condoned, and ratified the unconstitutional and unlawful conduct complained of herein.  Said customs, policies and practices include, but are not limited to the use of excessive and/or arbitrary force to disperse and control crowds and others involved in expressive activities; the failure to maintain adequate policies, and to adequately train, supervise and control DPD AND UCDPD officers, concerning the policing of demonstrations and/or celebratory activities with respect to crowd control, crowd dispersal and the constitutional limitations on the use of force; and the failure to investigate and impose discipline on DPD and UCDPD officers involved in the unconstitutional and unlawful actions complained of herein,

and/or to adopt other remedial measures and policies to insure that such violations of legal rights would not recur.

27. As a direct and proximate result of the conduct of defendants described herein, the Plaintiff has been denied his constitutional, statutory and legal rights as stated below, and has suffered, continues to suffer and will in the future suffer general and special damages, including but not limited to, mental and emotional distress, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, and anxiety, medical and related expenses, and lost earnings in an amount according to proof.

28. Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference for plaintiff's rights.

29. Defendants' policies, practices, customs, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiff, including but not limited to violating his constitutional and statutory rights. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs described herein. Defendants' conduct described herein placed Plaintiff in fear, anxiety and uncertainty with respect to his exercise now and in the future of these constitutional rights, and with respect to his physical security and safety. Plaintiff therefore seeks injunctive relief from this court, to ensure that plaintiff and persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, customs and practices as described herein.

30. An actual controversy exists between the plaintiff and defendants in that the plaintiff contends the policies, practices and conduct of defendants alleged herein are unlawful and unconstitutional, whereas plaintiff is informed and believes that defendants contend said policies, practices and conduct are lawful and constitutional. Plaintiff is seeking a declaration of rights with respect to this controversy.

### V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation Of Fourth And Fourteenth Amendments To United States Constitution**

**(42 U.S.C. § 1983)**


31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this complaint.

32. Defendants' above-described conduct violated plaintiffs' rights to be free from unreasonable seizures and excessive and/or arbitrary force and/or arrest and/or imprisonment without reasonable or probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### Violation Of Fourteenth Amendment To United States Constitution

### (42 U.S.C. § 1983)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this complaint.

34. Defendants' above-described conduct violated plaintiffs' right to not be deprived of liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### Violation Of Fourteenth Amendment To United States Constitution

### (42 U.S.C. § 1983)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this complaint.

36. Defendants' above-described conduct violated plaintiff's rights to equal protection of the laws guaranteed under the Fourteenth Amendment to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### Violation of California Constitution, Article I, § 13

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this complaint.

38. Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures and excessive and/or arbitrary force and/or arrest and/or imprisonment without reasonable or probable cause as guaranteed under article I, section 13 of the California Constitution.

## FIFTH CLAIM FOR RELIEF

### Violation of California Constitution, Article 1, § 7(A)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this complaint.

40. Defendants' above-described conduct violated plaintiff's right not to be deprived of liberty without due process of law a guaranteed under article 1, section 7(a) of the California Constitution.

### SIXTH CLAIM FOR RELIEF
### Violation of California Constitution, Article 1, § 7(A)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

42. Defendants' above-described conduct violated plaintiff's right to equal protection of the laws under article 1, section 7(a) of the California Constitution.

### SEVENTH CLAIM FOR RELIEF
### Violation of California Civil Code § 52.1

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this complaint.

44. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

### EIGTH CLAIM FOR RELIEF
### Assault And Battery

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this complaint.

46. Defendants' above-described conduct constituted assault and battery.

## NINTH CLAIM FOR RELIEF

### Intentional Infliction Of Emotional Distress

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this complaint.

48. Defendants' above-described conduct was extreme, unreasonable and outrageous.

49. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of defendants' conduct.

## TENTH CLAIM FOR RELIEF

### Negligence

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

51. Defendants have a duty of care to Plaintiff to ensure that defendants did not cause unnecessary or unjustified harm to Plaintiff and a duty of care to hire, train, supervise and discipline DPD and UCDPD officers so as to not cause harm to plaintiff and to prevent violations of plaintiff's constitutional, statutory and common law rights.

52. The above-described acts and omissions of defendants breached the duty of care defendants owed to the plaintiff.

## ELEVENTH CLAIM FOR RELIEF
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)

53. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants.

54. At all times herein mentioned, defendant UCDPD, by and through its supervisory employees and agents, CHIEF HANDY, and DOES 1-100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to

avoid unreasonable risk of harm to citizens. With deliberate indifference, UCDPD, CHIEF HANDY, and DOES 1-10, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. UCDPD, CHIEF HANDY, and DOES 1-100, inclusive, breached their duty of care to citizens in that UCDPD, CHIEF HANDY, and DOES 1-100, inclusive, failed to adequately train its police officers, including Defendants Lt. SOUZA, Sgt. MASON, Sgt. DAVIDSON, Sgt. BATES, Sgt. SMITH and Officers BARAGAN, JONES, CHANG, GARCIA in the proper and reasonable use of force, the proper and reasonable making of arrests, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by UCDPD, the continuing failure to make proper and reasonable arrests by police officers employed by UCDPD.

55. As a proximate result of defendants UCDPD, CHIEF HANDY, and DOES 1-100, negligent conduct, plaintiff suffered severe physical and emotional injury and severe mental distress,

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## XI.  PRAYER

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

2. For a declaratory judgment that defendants' conduct complained of herein was a violation of plaintiffs' rights under the Constitution and laws of the United States and California;

3. For general and compensatory damages to be determined according to proof;

4.  For special damages, including but not limited to medical and related expenses, wage loss and/or damage to career; interruption and/or interference with school and/or internship and/or similar pursuits;

5.  For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6.  For an award of statutory damages and penalties pursuant to Cal. Civil Code section 52(b) to be determined according to proof;

7.  For attorneys' fees pursuant to 42 U.S.C. § 1988 and California Civil Code section 52(b) and section 52.1(h), and California Code of Civil Procedure section 1021.5;

8.  For costs of suit;

9.  For pre- and post-judgment interest as permitted by law;

10. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial.

DATED: June 15, 2005

By  /S/
John L. Burris
Attorney for Plaintiff